UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLEAN AIR COUNCIL<br>135 South 19th Street, Suite 300<br>Philadelphia, PA.19103<br><br>    *Plaintiff*,<br><br>    v.<br><br>FEDERAL ENERGY REGULATORY<br>COMMISSION<br>888 First Street, NE<br>Washington, DC 20426<br><br>    *Defendant*. | Civil Action No. _____<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Clean Air Council ("the Council" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the Federal Energy Regulatory Commission ("FERC" or "Defendant"), to disclose records wrongfully withheld in failing to meaningfully respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a Pennsylvania nonprofit corporation dedicated to protecting and defending everyone's right to a healthy environment.

3. On February 14, 2020, Plaintiff submitted a FOIA request via the FERC website. This request sought "Any and all records (including but not limited to email, text messages, other correspondence, electronic or handwritten notes, phone logs, review memoranda, meeting minutes, and sign-in sheets) of communications and/or meetings with representatives,

contractors, and/or employees of ExxonMobil Corporation, ExxonMobil Chemical, ExxonMobil Pipeline Company, XTO Energy and any related entity or joint venture or subsidiary relating to one or more potential chemical plants or potential pipelines in Pennsylvania, Ohio, and/or West Virginia from January 1, 2018 to the present.  Also requested are any and all application materials and pre-application materials of the specified ExxonMobil companies drafted or prepared for existing or potential projects falling under the Commission's jurisdiction and located in Pennsylvania, Ohio, and/or West Virginia, from January 1, 2018 to the present."

4. FERC has yet to acknowledge this request or assign it a tracking number as of the filing of this Complaint and has failed to provide a determination on this request.

5. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.

6. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

7. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).

8. Agencies may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days.  5 U.S.C. § 552(a)(6)(B)(i).

9. The FOIA states that "Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his

administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C)(i).

10. To date, Defendant has failed to make a final determination on the request and has failed to produce requested records in response to Plaintiff's February 2020 FOIA request.

11. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to determine if FERC had any contact with the ExxonMobil corporation regarding any potential chemical plants or potential pipelines in the recent past or if ExxonMobil has submitted any application materials to FERC for such projects in 2018, 2019, or 2020.

12. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

14. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

15. This Court is a proper venue because Plaintiff's principal place of business is in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1391(e)(1)(C) (where defendant is the government or a government agency, a civil action may be brought in the district where the plaintiff resides if no real property is involved in the action). Venue is also proper under 5 U.S.C. §

552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff's principal place of business is, where the records are located, or in the District of Columbia).

16. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

17. Plaintiff, the Council, is a Pennsylvania nonprofit corporation dedicated to protecting and defending everyone's right to a healthy environment and is headquartered in Philadelphia, PA.

18. The Council works through a broad array of related sustainability and public health initiatives, using public education, community action, government oversight, and enforcement of environmental laws so that everyone who lives and works in the Mid-Atlantic region sees their health improve as a result of cleaner air.

19. Defendant, FERC, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

20. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA.

## STATEMENT OF FACTS

21. In October of 2019, a news story was published online that ExxonMobil was considering building a petrochemical plant in southwest Pennsylvania.

https://stateimpact.npr.org/pennsylvania/2019/10/17/report-exxonmobil-scouting-property-for-2nd-cracker-in-beaver-county/

22. Based in part on this story, Plaintiff filed the FOIA request at issue in this Complaint on February 14, 2020 regarding ExxonMobil's intentions in moving forward with building such project or projects.

23. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond, or to assert the need to extend this time limit due to unusual circumstances. The FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

24. On May 6, 2020, having received no communications or determinations from FERC, Clean Air Council called the FOIA officer at FERC, Toyia Johnson, to inquire about the status of the instant request. Toyia Johnson said she would inquire with others at FERC about the request and call back in a day or two. Neither Toyia Johnson nor anyone at FERC called back or responded in any way to Plaintiff's request.

25. To date, FERC made no communications to Plaintiff subsequent to the May 6, 2020 phone call regarding Plaintiff's FOIA request.

26. Twenty working days from February 14, 2020 (the date that Plaintiff submitted this FOIA request via FERC's website) was March 13, 2020. As of this July 27, 2020 filing, Plaintiff has received neither a determination on its February 2020 FOIA request, nor any responsive records produced by a search performed pursuant to that request.

27. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its February 2020 FOIA request, Plaintiff now turns to this Court to enforce the

FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

28. Plaintiff incorporates the allegations in the preceding paragraphs.

29. Defendant's failure to make a determination on Plaintiff's FOIA request or disclose the records requested within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the FERC regulations promulgated thereunder, 18 C.F.R. § 388.108(c)(1).

30. A private cause of action is available for requesters under these circumstances. *McDonnell v. United States*, 4 F.3d 1227, 1238 (3d Cir. 1993).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

   i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

  ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

 iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

  iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

   v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on July 27, 2020,

　/s  Jennifer E. Clark
Alexander G. Bomstein

PA ID No. 206983
abomstein@cleanair.org

Jennifer E. Clark
PA ID No. 200636
jclark@cleanair.org

Clean Air Council
135 South 19th Street, Suite 300
Philadelphia, PA 19103
215-567-4004

*Counsel for Plaintiff*